**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

GLENN SPRADLEY,

    **Plaintiff,**

v.                                                                    **Case No. 8:18-cv-2372-T-36AAS**

HILLSBOROUGH COUNTY, et al.,

    **Defendants.**
_____/

## **ORDER**

Glenn Spradley, proceeding pro se, moves for an extension of time to serve "C. Baler," or Edwina Baker. (Doc. 22). A court may, for good cause, grant extensions of time requested after the deadline passed "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B); *see also* Fed. R. Civ. P. 4(m) (stating the court must extend the time for service if the plaintiff establishes good cause).

To begin, Mr. Spradley states he had 120 days to serve "C. Baler" after Hillsborough County removed this case to this court, but that is incorrect. Mr. Spradley sued the defendants in state court, but Hillsborough County removed the case to this court on September 25, 2018. (Docs. 1, 2). A plaintiff must serve an individual defendant within ninety days after the complaint is filed in federal court after removal. Fed. R. Civ. P. 4(m); *see Ritts v. Dealers Alliance Credit Corp.*, 989 F. Supp. 1475, 1478–79 (N.D. Ga. 1997) (finding plaintiff did not violate Rule 4(m) because the time for service had not passed after removal). So, Mr. Spradley's

1

deadline to serve "C. Baler" was December 26, 2018—not January 3rd.

Under Federal Rule of Civil Procedure 6(b)(1)(B), factors that determine whether a party's failure to move for an extension of time before the deadline constitutes excusable neglect include the danger of prejudice to the opposing party; the length of the moving party's delay and the impact of that delay on judicial proceedings; the reason for the moving party's delay (including whether the reason was within the moving party's control); and whether the moving party acted in good faith. *See Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (discussing excusable neglect in the context of Federal Rule of Bankruptcy Procedure 9006(b)(1), which mirrors Federal Rule of Civil Procedure 6(b)).

In cases involving pro se plaintiffs, courts have discretion to liberally construe the good-cause requirement under Rule 4(m). *See Kelly v. Humphrey-Barnett*, 100 F.3d 963, 1996 632800, at *1 (9th Cir. 1996) (unpublished) (citation omitted) (stating courts give latitude to pro se prisoner litigants under Rule 4(m)).[1] A pro se plaintiff's difficulty in obtaining information about defendants, despite the plaintiff's due diligence, constitutes good cause for extending the time for service. *Clemons v. Soeltner*, 62 F. App'x 81, 83 (6th Cir. 2003) (citations omitted); *Del Raine v. Carlson*, 77 F.3d 484, 1996 WL 47451, at *6 (7th Cir. 1996) (unpublished) (citations omitted).

Mr. Spradley claims he could not serve "C. Baler" before the deadline because

---

[1] *See also Espinoza v. United States*, 52 F.3d 838, 842 (10th Cir. 1995) (stating courts should consider the complex service requirements of Rule 4(i) when deciding whether to grant a permissive extension of time under Rule 4(m)).

2

he recently learned that defendant's name is actually Edwina Baker. (Doc. 22, p. 2). Mr. Spradley requests thirty more days to serve Ms. Baker. Mr. Spradley established excusable neglect for not moving for his extension before the deadline because he wrote his motion on December 27th—one day after the deadline—and the impact of his one-day delay on these proceedings is minimal. And, considering his pro se and incarcerated status, Mr. Spradley established good cause for extending his time to serve Edwina Baker. Therefore, his motion for an extension of time (Doc. 22) is **GRANTED**. Mr. Spradley must serve Edwina Baker by **February 15, 2019**.

**ORDERED** in Tampa, Florida, on January 7, 2019.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

cc: Glenn Spradley (via U.S. mail)